| | |
|---|---|
| BETTY WILSON AND MICHAEL MACMANN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CITY OF COLUMBIA AND MIKE MATTHES, | ) ) ) ) |
| Defendants. | ) |

CASE NO. 2:14-cv-04220-NKL

## MOTION TO INTERVENE OF
## OPUS DEVELOPMENT COMPANY, L.L.C. AND HSRE-ODC II MIZZOU, LLC
## PURSUANT TO FED. R. CIV. P. 24

Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, Intervenors Opus Development Company, L.L.C. ("ODC") and HSRE ODC II MIZZOU, LLC ("HSRE-ODC") (collectively, "Intervenors") hereby file this Motion to Intervene. In support of this motion, Intervenors state and allege as follows:

1. The subject of this lawsuit is the proposed student housing project on Locust between 8th and 7th Streets in Columbia, Missouri (the "Project"). ODC is the developer, permit applicant and to-be permit holder for the Project. Affidavit of Joseph P. Downs ("Downs Aff.") ¶ 1.[1] HSRE-ODC owns the real property on which the Project is and will be located. *Id*.

2. As the Project developer, permit applicant and to-be permit holder, ODC has obtained the following approval letters from the City of Columbia ("City") relating to the Project: (a) Land Disturbance Permit; (b) Demolition Permit; (c) Sidewalk and Land Closure

---

[1] Intervenors previously submitted the Downs Affidavit (Dkt. No. 1-3) in connection with their state-court motion to intervene. Intervenors incorporate herein by reference the facts set forth therein.

Permit; (d) Footings and Foundation Permit (as confirmed in a July 22, 2014 summary letter); (e) Sanitary Sewer Tap Inspection; and (f) Full Building Permit. Downs Aff. ¶ 11 and Exs. 5-10. These approval letters confirm that all applicable permit requirements have been or will be met.

3. In reliance on the above-referenced approval letters and other communications with the City, on August 7, 2014, HSRE-ODC acquired the real estate and buildings where the Project is located and will be constructed. Downs Aff. ¶ 12 and Exs. 11-13.

4. In reliance on the City's approval letters and impending issuance of the necessary permits to proceed with the Project, Intervenors began preparations to commence demolition and construction at the Project. Downs Aff. ¶ 13. Among other things, notices of Lease Termination were delivered to the two remaining tenants (Chong's Oriental Market and Boone County National Bank) on August 14, 2014. *Id*. Chong's Oriental Market vacated the property on August 13, 2014, and Boone County National Bank vacated the property on August 15, 2014. *Id*. Utility disconnections to the existing properties were expected to occur between August 18 and 22, 2014. *Id*. Based on the current status of the Project and communications with City staff, Intervenors expected that the demolition permits, land disturbance permit, and full building permit including footing and foundation permit would have issued on August 25, 2014. *Id*.

5. Time is of the essence. The Project is scheduled for completion in August 2015 (*i.e.*, student move-in). *Id*. ¶ 14. The viability of the Project is threatened with each day that the City is restrained from taking any action with respect to the Project. *Id*. ¶ 15. Intervenors are required to incur substantial costs for overtime work to meet the project schedule. *Id*. Delivering a student apartment project late is detrimental to investment value as well as reputation and brand, among other things. *Id*.

6. To date, Intervenors have invested over $6,500,000 in acquiring land and developing this Project. *Id*. ¶ 16. If the Project does not proceed, Intervenors will incur losses of at least $5,000,000. *Id*.

7. Plaintiffs' August 12, 2014 Verified Petition filed in Boone County Circuit Court asserts two causes of action which purport to challenge certain actions by the City and its staff regarding the Project. Dkt. No. 1-1, Verified Petition ("Pet.") ¶¶ 82-97. The nature of Plaintiffs' Petition and the causes of action asserted therein unabashedly seek to frustrate and further delay development and construction of the Project.

8. The first cause of action in the Petition is for an alleged violation of Plaintiffs' free speech and due process rights under the United States Constitution. *Id*. ¶¶ 82-92. With respect to this first cause of action, Plaintiffs seek an Order declaring certain of the City's actions with respect to the Project unconstitutional and awarding Plaintiffs "actual, compensatory and punitive damages" and attorneys' fees. *Id*., Wherefore Clause.

9. The second cause of action in the Petition is for declaratory and injunctive relief. *Id*. ¶¶ 93-97. With respect to this second cause of action, Plaintiffs seek, among other things, an Order (a) "[e]njoining the City and [City Manager Mike] Matthes from issuing any permits in connection with the student housing development at Eighth and Locust until six months from the date of the repeal of Bill 62-14 or six months from the date of the repeal of Bill 130-14, whichever is later" and (b) "[e]njoining the City and Matthes from issuing any permits in connection with the student housing development at Eighth and Locust until such time as adequate infrastructure exists to serve the proposed use." *Id*., Wherefore Clause ¶¶ c-d.

10. On August 13, 2014, on an ex-parte basis and without (a) naming Intervenors as party defendants or (b) providing notice to any of the named defendants in this lawsuit or

3

Intervenors, Plaintiffs sought a temporary restraining order against City and the Project. *See* Dkt. No. 1-2. That same day at 11:30 a.m., the Honorable Christine Carpenter entered Plaintiffs' requested Temporary Restraining Order in this matter ("TRO"). *See* Dkt. No. 1-3. Because it was issued without notice, the TRO was governed by Missouri Supreme Court Rule 92.02(b).

11. The TRO provides that "Defendants City of Columbia and Matthes, and all those acting on their behalf, are enjoined and restrained from taking any action with respect to the proposed student housing development at Eighth and Locust other than voting on the bills relating to the referendum petition to repeal Bill 130-14 that are presently pending before the City Council." *Id*.

12. Judge Carpenter scheduled a hearing on the TRO for Monday, August 18, 2014 at 9:00 a.m. before the Honorable Kevin Crane. *Id*.

13. On August 14, 2014, Plaintiffs filed a Motion for Change of Judge and For Immediate Re-Assignment. *See* Dkt. No. 1-3. Judge Crane subsequently granted Plaintiff's motion and the case was re-assigned to Judge Carpenter.

14. The August 18, 2014 hearing on the TRO did not occur. Judge Carpenter instead rescheduled the hearing to August 25, 2014 at 9:00 a.m.

15. On August 21, 2014, Defendants filed their Notice of Removal. *See* Dkt. No. 1.

16. By virtue of their status as the permit applicant/to-be permit holder and owner of the real property on which the Project will be located, respectively, ODC and HSRE-ODC have standing to seek to intervene in this lawsuit. The TRO has injured and will cause further injury to ODC's legally-protected interest in obtaining the required permits for the Project and HSRE-ODC's legally-protected interests in the real property on which the Project will be located. Given that the TRO has been entered, this injury is actual, imminent, concrete and particular to

ODC and HSRE-ODC. By virtue of the TRO, Intervenors have been precluded from continuing with the development and construction of the Project. The relief that Intervenors seek – namely, dissolution of the TRO and a denial of any further injunctive relief – will redress the injury that presently exists.

17. ODC and HSRE-ODC satisfy the requirements of Fed. R. Civ. P. 24(a) for intervention of right.

18. First, by virtue of their status as the permit applicant/to-be permit holder and owner of the real property on which the Project will be located, respectively, ODC and HSRE-ODC have significant and legally-protected interests in the Project, permits and real property that are the subject of this lawsuit.

19. Second, disposition of this lawsuit will impair or impede Intervenors' ability to protect their significant and legally-protected interests in the Project, permits and real property that are the subject of this lawsuit. If the TRO is not dissolved, Defendants will be prohibited from issuing the necessary Project permits to which Intervenors have established their legal entitlement. As such, Intervenors' interests in the Project, permits and real property that are the subject of this lawsuit will not be fully protected without Intervenors being parties to the lawsuit so they may protect those interests.

20. Third, none of the existing parties in this lawsuit can adequately protect Intervenors' significant and legally-protected interests in the Project, permits and real property that are the subject of this lawsuit. Defendants' interests in defending against Plaintiffs' claims that violations of the First Amendment and due process have occurred are different and narrower than Intervenors' interests in protecting their significant and legally-protected interests in the Project, permits and real property that are the subject of this lawsuit.

21. ODC and HSRE-ODC also satisfy the requirements of Fed. R. Civ. P. 24(b) for permissive intervention.

22. Intervenors' significant and legally-protected interests in the Project, permits and real property that are the subject of this lawsuit and Plaintiffs' causes of action and relief sought in the Petition involve common questions of law or fact.

23. ODC and HSRE-ODC satisfy the requirements of Fed. R. Civ. P. 24(c) by virtue of their previously-filed state-court motion to dissolve TRO and supporting brief (Dkt. No. 1-3) and their contemporaneously-filed federal court motion to dissolve TRO and suggestions in support thereof.

24. For the reasons stated herein, and for reasons more fully set forth in Intervenors' contemporaneously-filed suggestions in support of this motion, Intervenors have a right of intervention in this matter pursuant to Fed. R. Civ. P. 24(a). Additionally or alternatively, Intervenors should be granted permission to intervene in this matter pursuant to Fed. R. Civ. P. 24(b).

**WHEREFORE**, Intervenors pray that this Court allow them to intervene in this lawsuit as a matter of right pursuant to Fed. R. Civ. P. 24(a) and/or permissively pursuant to Fed. R. Civ. P. 24(b), and for such other and further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.0(g), Intervenors respectfully request oral argument on their Motion to Intervene.

/s/ Thomas M. Harrison
Thomas M. Harrison, 36617
**Van Matre, Harrison, Hollis, and Taylor, P.C.**
1103 E. Broadway
P.O. Box 1017
Columbia, MO 65205
(573) 874-7777
Telecopier: (573) 875-0017
tom@vanmatre.com
Attorneys for Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served through the CM/ECF system, on the 22nd day of August, 2014, upon all attorneys of record

/s/ Thomas M. Harrison
Attorney for Intervenors

6461331v1